UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROSA G. PEREZ, | ) |
| Plaintiffs, | ) 2:04-cv-1402-RLH-RJJ |
| vs. | ) |
| MICHAEL J. ASTRUE, *et al.*, | ) REPORT & RECOMMENDATION |
| Defendant, | ) OF UNITED STATES |
| | ) MAGISTRATE JUDGE |

This matter was referred to the undersigned Magistrate Judge by the Order on Mandate (#27). Previously, the Court affirmed the Administrative Law Judge's (ALJ) denial of Plaintiff's claim for disability insurance benefits. Plaintiff timely appealed the Order (#19) to the Ninth Circuit Court of Appeals. The Ninth Circuit issued a Memorandum Opinion (#24) reversing and remanding the Order (#19) back to the District Court. This Court now explains the Ninth Circuit's Memorandum and remands this matter back to the ALJ.

**BACKGROUND**

This case arises out of the denial of Social Security benefits to Plaintiff, Rosa G. Perez. On November 25, 1998, Perez first applied for Social Security insurance benefits and was denied her application and request for reconsideration. She then filed a request for hearing and went before the ALJ. On June 23, 2000, the ALJ issued a decision finding that Plaintiff did not qualify for Social Security insurance benefits. Perez timely appealed the ALJ's findings to the Appeals Council. The Appeals Council vacated the hearing decision and remanded the case back to the ALJ. On remand, the ALJ again found that Perez was not entitled to a period of disability or any

disability insurance benefits.  The ALJ, in the August 7, 2003, decision made the following fourteen findings:

> 1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(I) of the Social Security Act and is insured for benefits through December 31, 2001.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3.  The claimant has had an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).
>
> 4.  These medically determinable impairments have not met or medically equaled one of the listed impairments in Appendix 1, Subpart P. Regulation No. 4.
>
> 5.  The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6.  The undersigned has carefully considered all of the medical opinions in the record regarding the severity of the claimant's impairments (20 CFR § 404.1527).
>
> 7.  The claimant has had the following residual functional capacity: able to lift 20 pounds occasionally and 10 pounds frequently; able to stand and/or walk six hours in an eight-hour workday; able to sit six hours in an eight-hour workday; moderately limited in frequently bending and/or stooping: moderately limited in performing prolonged standing and walking; requiring the option to alternate sitting and standing at will to relieve discomfort; and slightly limited in maintaining persistence, concentration, and/or an adequate work pace.
>
> 8.  The claimant has been unable to perform any of her past relevant work (20 CFR § 404.1565).
>
> 9.  The claimant is a "younger individual" (20 CFR § 404.1563).
>
> 10.  The claimant has "more than a high school (or high school equivalent) education" (20 CFR § 404.1564).
>
> 11.  The claimant has transferable skills from skilled work previously performed as described in the body of the decision (20 CFR § 404.1568).
>
> 12.  The claimant has had the residual functional capacity to perform a significant range of light and sedentary work (20 CFR § 416.967).
>
> 13.  Although the claimant's exertional limitations have not

|   |   |
|---|---|
| 1 | allowed her to perform the full range of sedentary work, using Medical-Vocational Rules 202.22 and 201.21 as a frame work for decision-making, there have been a significant number of jobs in the national economy that she could have performed. Examples of such jobs include work as a companion/personal attendant, telephone quotation clerk, charge account clerk, call-out operator, and order clerk, which, in the local economy, number approximately 15,000, 800, 400, 1,500, and 2,000 jobs, respectively. |

14. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

(Record (#7) at 21-28).

Perez requested the Appeals Council to review the August 7, 2003, ALJ decision. The request was denied, making the August 7, 2003, decision the commissioner's final decision. Perez then timely filed suit under 42 U.S.C. §§ 405(g) in the United States District Court, District of Nevada to reverse the Commissioner's decision denying Plaintiff's claim for disability benefits. On June 14, 2005, the District Court issued its Order (#19), denying Plaintiff's Motion to Remand (#10) and granting Defendant's Counter Motion to Affirm (#14). In the Order (#19), the District Court upheld all of the ALJ's findings and found that the denial of Plaintiff's disability insurance benefits was grounded in substantial evidence.

The Order (#19) was appealed. The Ninth Circuit reversed and remanded the Order (#19) holding that: (1) "the ALJ did not sufficiently explain his reasons for finding Dr. Deere's assessments out of proportion with other evidence in the record," thus failing to give specific and legitimate reasons for disregarding the treating physician's opinion; (2) "the ALJ's findings regarding Perez's residual functional capacity are internally inconsistent and not supported by substantial evidence;" (3) "the ALJ's finding that Perez can perform light and sedentary work is not supported by substantial evidence;" and (4) affirming the district court on all other claims. (Memorandum Opinion (#24) at 1-3).

## **DISCUSSION**

In deciding "whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." Reddick v. Chater, 157 F.3d 715, 728 (9th Cir. 1998). A remand for further proceedings is unnecessary when the record is fully developed. Id. In the

present matter, this case should be remanded to the ALJ, because the record was not fully developed.

Perez, in her disability claim, was required to show that a medically determinable physical or mental impairment prevented her from engaging in substantial gainful activity and that the impairment would last for a continuous period of at least twelve months or that the impairment would result in death. 42 U.S.C. § 423 (d)(1)(a). The Social Security Act requires that disability claims be evaluated according to a sequential five-step process. 20 C.F.R. § 404.1520; see also Reddick, 157 F.3d at 721; Batson v. Comm'r of the SSA, 359 F.3d 1190, 1194 (9th Cir. 2004); Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991). If a claimant is found disabled or not disabled at any step in the evaluation process, the review process ends. Reddick, 157 F.3d at 721. Moreover, the burden of proof remains with the claimant until step five, where it then shifts back to the Commissioner. Id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

This five-step sequential process includes: (1) requiring an analysis of whether claimant is working and currently engaged in substantial gainful activity; (2) requiring the ALJ to determine whether claimant has an impairment that significantly limits her physical or mental ability to do basic work activities, thereby constituting a sever impairment; (3) requiring the ALJ to determine whether claimants's impairment or combination of impairments meets or equals a listed impairment in Appendix 1 and whether the impairment meets the duration requirement; (4) requiring the consideration of claimant's residual functional capacity, and her past relevant work; and (5) requiring the ALJ to determine whether claimant's impairment prevents her from doing any other work, considering her residual functioning capacity, age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Based on the Ninth Circuit's Memorandum Opinion (#24), the ALJ will not need to analyze steps one, two or three on remand due to the sufficiency of the record; however, this case will be remanded to the ALJ to evaluate and decide steps four and five. Without a consistent

finding of residual functional capacity neither step four nor five can be determined. Therefore, on remand the ALJ will need to evaluate and decide steps four and five.

## CONCLUSION

Based on the foregoing reasons, the Court should remand this case back to the ALJ. Further, the ALJ should be instructed to reevaluate steps 4 and 5 pursuant to 20 C.F.R. §§ 404.1520(a)(4)(iv)-(v).

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that this case be remanded to the Administrative Law Judge for further proceedings consistent with the findings and conclusions stated herein.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court on or before **April 18, 2008**.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1086).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED this  31st  day of March, 31, 2008.

ROBERT J. JOHNSTON
United States Magistrate Judge